UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA WILLIAMS,

    Plaintiff,

v.                                              CASE No. 8:08-CV-600-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Essentially, she argues that the Administrative Law Judge ("ALJ") erred by finding that she retained the residual functional capacity to perform the full range of medium work with the ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently, as well as sit and stand/ walk for six hours of an eight hour workday with restrictions in climbing ladders/ ropes/ scaffolds as well as limitations in exposure to hazards and could therefore perform her past relevant work as an order puller, fast-food worker, and cook. Having carefully reviewed the record, I find the Commissioner correctly followed the regulatory scheme and the decision is supported by substantial evidence.

    *A. Background*

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) (doc. 6).

Plaintiff, who was forty- one years old at the time of her administrative hearing on June 18, 2007, has a seventh grade education and previous work experience as a cashier, order puller, fast food worker, and cook. She alleges disability beginning December 31, 1997, due to HIV, schizophrenia, manic depression, and "mental problems."[2]

Plaintiff applied for disability insurance benefits, period of disability benefits on April 6, 2004, and supplemental security income on March 30, 2004. The ALJ denied benefits, finding that although Plaintiff suffered from severe impairments relating to HIV, asthma, hypertension, obesity, a seizure disorder, post-traumatic stress disorder, a personality disorder, schizophrenia, and alcohol/drug abuse, she had the residual functional capacity to perform a reduced range of medium work. The ALJ, relying on the testimony from the vocational expert, concluded Plaintiff could perform her past relevant work as an order puller, fast food worker, and cook. Alternatively, the ALJ found Plaintiff could perform work in the national economy as a hand picker, light cleaner, hospital housekeeper, and injection molding machine tender. The Plaintiff appealed, and the Appeals Council declined review. At this juncture, the Plaintiff has exhausted her administrative appeals, and the ALJ's decision is the final decision.

B. *Discussion*

  1. *ALJ properly concluded Plaintiff could perform her past relevant work at a substantial gainful activity level*

Plaintiff argues that her past work does not qualify as "past relevant work" because it was not "substantial gainful activity". She argues that her earnings record reveals she did not perform substantial gainful activity within the fifteen year period prior to the ALJ's decision (or when

---

[2] The ALJ accurately reports Plaintiff's medical history, and I adopt that portion of his decision for purposes of this Order (R. 19-21).

2

disability insured status was last met, if earlier). *See* 20 C.F.R. § 404.1574(a). For several reasons, the Plaintiff's logic fails. Past relevant work is "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1) (2008). "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R § 416.972. "[T]he fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity." 20 C.F.R. § 416.974(a). According to 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2), for the time period of January 1990 through June 1999, monthly earnings averaging more than $500 "will ordinarily show that you have engaged in substantial gainful activity." Earnings are generally averaged over the actual period of time in which work was performed. SSR 83-35, *Averaging of Earnings in Determining Whether Work is Substantial Gainful Activity*. Thus, for example, the earnings of a hypothetical claimant working from January to August 1982 are divided by eight (the number of months actually worked) and not by twelve. *Id.*

Although Plaintiff argues that the evidence shows she did not engage in substantial gainful work activity within fifteen years prior to the ALJ's decision, I find her argument unpersuasive in light of the record evidence. Even Plaintiff's self-reported work history report and a notation on the report by a social security administration interviewer indicate that Plaintiff's work at Ablest constituted "SGA".[3] *See* R. 80, 88. The work history report specifies that she worked from October 1997 through March 1999 at Ablest Service Corp. as a "cook warehouse" an average of 40 hours per week,

---

[3] The interviewer noted that Plaintiff's work in 1999 constituted SGA and recommended that her onset date be pushed back from December 31, 1997, to March 31, 1999 (R. 86, 92). Ultimately, however, the ALJ opined that Plaintiff last performed substantial gainful activity on December 31, 1997 (R. 16).

earning $6.75 per hour. (R. 80, 96). Thus, as the Commissioner notes, the evidence establishes that at least for a portion of the relevant time period, Plaintiffs' earnings averaged at least $500/month, above the requirement for substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2); R. 88.

Moreover, the claimant bears the burden of demonstrating that certain work experience does not qualify as past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991)(plaintiff bears the burden of proof at step four to show that prior work experience should not be classified as past relevant work). As in *Barnes*, I find that "[t]he record provides evidence which would allow a reasonable mind to conclude that [Plaintiff's] work [at Ablest as a cook] is past relevant work." *Barnes*, 932 F.2d at 1359. Like the ALJ in *Barnes*, the ALJ in this case did not specifically analyze the Plaintiff's past work in light of the regulations, however, as the Eleventh Circuit said in *Barnes*, the ALJ's finding that Plaintiff's cook job was past relevant work was reasonable. Because Plaintiff bears the initial burden of proving that she is unable to perform her previous work, she has the burden of showing that certain work experience is not past relevant work. Plaintiff offered no such evidence; hence, I find no error.

Second, even assuming the ALJ erred in finding Plaintiff's work as an order puller, fast food worker, and cook constituted past relevant work, because the ALJ called upon the expertise of a VE who found Plaintiff capable of performing other jobs (hand packer, light cleaner, hospital housekeeper, and injection molding machine tender) in significant numbers in the national economy, that error would be harmless. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis).

*2. ALJ properly evaluated Plaintiff's complaints of non-exertional impairments*

The Plaintiff argues the ALJ erred in failing to consider her medication side effects and worsening of symptoms. She cites to her testimony that she recently lost weight, down from 230 pounds to 180 pounds, that she was taking medication for HIV that made her sick, and that she experienced medication side effects such as drowsiness and diarrhea.

The Eleventh Circuit has established a three part "pain standard" that applies when a claimant attempts to establish disability through her own testimony of pain. *See, e.g.*, *Holt v. Sullivan*, 921 F.2d 1221, 1222 (11th Cir. 1991). This standard requires (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition; or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). In this case, the ALJ considered the Plaintiff's allegations of medication side effects, vomiting, and worsening of symptoms (R. 19). Although he found Plaintiff's medically determined impairments could reasonably be expected to produce the alleged symptoms, he concluded that her testimony about the intensity, persistence, and limiting effects of the symptoms was not entirely credible (R. 19). After summarizing the medical evidence, the ALJ noted that the medical records "do not fully support the claimant's complaints." (R. 21) The Plaintiff did not identify specific objective evidence corroborating her complaints of side effects, vomiting, or worsening symptoms, and it is her responsibility to produce evidence in support of her claim. Similarly, although Plaintiff claims the ALJ failed to consider her complaints of drowsiness and diarrhea in her memorandum of law, she does not cite to any evidence documenting such complaints or identify a physician who heard such complaints. Her statement alone is insufficient to establish disability. 20

C.F.R. §§ 404.1529(a), 416.929(a). *See Turner v. Commissioner of Social Security*, 182 Fed.Appx. 946, 949 (11th Cir. 2006) (finding the ALJ did not err in discrediting Plaintiff's testimony regarding side effects from medications because record included no evidence that Plaintiff consistently complained to doctors of side effects); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (holding claimant is responsible for producing evidence in support of disability claim and its severity); *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (failure to report side effects to treating doctors, and an absence of evidence of physician concern about side effects, is substantial evidence that the side effects alleged are not significant). As a result, I find the ALJ's conclusion that the Plaintiff's testimony about the intensity, persistence, and limiting effects of her medication side effects was not entirely credible is supported by substantial evidence. Moreover, his decision is in accord with this circuit's pain standard and 20 C.F.R. § 404.1529.

*C. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on July 2, 2009.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE